IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERARDO URISTA,**

    **Plaintiff,**

    v.                                  Case No. 16-3135-JAR-DJW

**JOHNNIE GODDARD, ET AL.,**

    **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff is a prisoner at the Lansing Correctional Facility in Lansing, Kansas. He brings this action under 42 U.S.C. § 1983, alleging due process and equal protection violations by prison officials associated with his assignment to administrative segregation in 2015. Before the Court are Defendants' Motions to Dismiss (Doc. 15, 17) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has not responded to the motions, nor to an Order to Show Cause why these motions should not be granted for failure to respond (Doc. 19). The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

      Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2]  As a result of Plaintiff's failure to respond, the Court may grant Defendants' motions to dismiss as uncontested.

The Court also finds that the Complaint must be dismissed on the merits.  To the extent Plaintiff alleges official capacity claims against these Defendants, who are all employees of the Kansas Department of Corrections, they are barred by Eleventh Amendment immunity.[3]  The individual capacity claims should be dismissed for failure to state a claim.  As to Defendants Goddard and Reed, Plaintiff fails to allege sufficient facts that they personally participated in the alleged constitutional violations.[4]  Plaintiff's Fourteenth Amendment due process claim fails to state a claim for the reasons identified in Defendants' motions to dismiss: he fails to sufficiently allege that his confinement in administrative segregation at Lansing implicates a protected liberty interest.[5]  Plaintiff's Fourteenth Amendment equal protection claim fails to allege facts identifying other inmates that are similarly situated and were treated differently.[6]  Moreover, Plaintiff fails to allege facts giving rise to an inference of disparate treatment.  For all of these reasons, the Court grants Defendants' motions to dismiss.  The official capacity claims are dismissed without prejudice.  The individual capacity claims shall be dismissed with prejudice as to Defendants Goddard, Martin, Buchanan, and Reid.  They shall be dismissed without prejudice

---

[2] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3] *See Hunt v. Colo. Dep't of Corrs.*, 271 F. App'x 778, 781 (10th Cir. 2008) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).

[4] *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)); *Wilson v. Montano*, 715 F.3d 847, 856 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

[5] *See, e.g.*, *Estate of Dimarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1340–45 (10th Cir. 2007).

[6] *See, e.g.*, *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).

under Fed. R. Civ. P. 4(m) as to Defendants Klugh and Lucht for failure to timely serve them with the Summons and Complaint.[7]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Doc. 15, 17) are granted. The official capacity claims are dismissed without prejudice. The individual capacity claims shall be dismissed with prejudice as to Defendants Goddard, Martin, Buchanan, and Reid, and without prejudice as to Defendants Klugh and Lucht.

**IT IS SO ORDERED.**

Dated: March 8, 2017

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[7] *See* Docs. 5–6 (waivers of service of summons returned unexecuted on October 11 and October 19, 2016 indicating these defendants are no longer employed by the correctional facility).